**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SARAH COVINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-13-JVB-JPK |
| | ) | |
| CITY OF LAKE STATION, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on:

1. State Defendants' Motion to Dismiss and Motion to Strike [DE 26], filed on March 20, 2017;

2. Lake Station-affiliated Defendants' Motion to Dismiss & Motion for Partial Summary Judgment & to Strike [DE 30], filed on March 20, 2017;

3. Defendants', John Buncich and Lake County Jail, Joint Motion to Dismiss Plaintiff's Complaint [DE 47], filed on April 25, 2017;

4. Defendant Judge Gina Jones' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) [DE 52], filed on April 28, 2017;

5. Defendant, Donna Joiner's Motion to Dismiss [DE 60], filed on June 23, 2017; and

6. Joint Motion for Summary Ruling by John Buncich and Lake County Jail [DE 86], filed on December 5, 2019.

Plaintiff Sarah Covington,[1] pro se, filed a response to the first two motions on April 17,

2017, and the Lake Station-affiliated defendants filed a reply on April 24, 2017. No other responses

or replies have been filed.

Plaintiff filed a seventy-some page complaint in which she sued more than forty local,

county, and state officials and entities, as well as several private individuals, for claims arising out

---

[1] In a prior order, the Court clarified that the sole plaintiff in this case is Sarah Covington. (Order, ECF No. 68).

of her arrest in February 2016 and the loss of custody of her children.[2] For the reasons stated

below, that complaint is dismissed.

## LEGAL STANDARDS

*1.  Motion to Dismiss*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is

to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910

F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the

well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn

therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for

failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and

plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which

it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556

U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

*2.  Motion for Summary Judgment*

A motion for summary judgment must be granted "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] In a footnote to their memorandum in support of their motion, the State Defendants content that all defendants not listed in the caption of the complaint are not parties to this action. They are wrong. Though Plaintiff violated the letter of Federal Rule of Civil Procedure 10(a) by not listing all defendants in the caption, she satisfied the spirit of the Rule by clearly listing each defendant beginning on the second page of the complaint. Most of these defendants have appeared and those who haven't have been dismissed by court order. The defendants who have appeared cannot show they were prejudiced in any way by this peccadillo. All defendants named as such in pages 2-10 of the complaint who have not already been dismissed are parties and remain so unless and until this Court dismisses them.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

Northern District of Indiana Local Rule 56-1(f) requires a party seeking summary judgment against a pro se party to serve that party with the notice found in Appendix C to the Local Rules. The notice advises an unrepresented party of the rules for responding to a summary judgment motion. The parties moving for summary judgment have complied with this rule. *See* (Notice, ECF No. 32).

**ANALYSIS**

*1.     Rule 8*

"Some complaints are windy but understandable. Surplusage can and should be ignored." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). However, "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* Complaints are found "wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)). "[J]udges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378. "[D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" *Cincinnati Life Ins. Co.*, 722 F.3d at 947 (quoting *Garst*, 328 F.3d at 378).

Plaintiff's complaint must be dismissed because she has not complied with Rule 8's requirement to provide a "short and plain statement of the claim shoring that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A myriad of federal and state claims are leveled against all defendants indiscriminately. (*See* Pl.'s Compl. 11-12, 16-18, ECF No. 1). She alleges many wrongdoings by her former husband, but he is no longer a party to this case. The remaining defendants are, at times, tangentially connected to Plaintiff's allegations, but her "kitchen sink approach to pleading" and her statements alleging that "defendants" have violated her rights and harmed her leaves each defendant without fair notice of the claims must be defended against. *See Stanard*, 658 F.3d at 798; *see also* (Pl's Compl. 16-18, ECF No. 1).

Plaintiff's 70-plus page complaint is therefore dismissed. Because Plaintiff is litigating *pro se*, the Court will give her another opportunity to present her claims to the Court. If she chooses to

file an amended complaint, she should make clear how she believes each defendant caused her harm. Simply asserting that all of the defendants violated a list of rights and caused her a list of harms without alleging what each defendant did to violate each right and cause each harm is not enough.

In order to be of further assistance to the parties and because some matters brought in Plaintiff's complaint would be futile for her to bring in an amended complaint, the Court will proceed to address a number of other arguments presented in the pending motions.

*2.* Younger *Abstention*

The State Defendants argue that *Younger* abstention applies to some of Plaintiff's this case. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). *Younger* concerned whether a federal court could enjoin an ongoing state court prosecution on the grounds that the statute on which the prosecution was based was unconstitutional. *Id.* at 41. This Court has already ruled that it cannot enjoin state court proceedings. *See* (Order, ECF No. 69). Accordingly, any claims against the State Court Defendants that seek to enjoin state court proceedings are dismissed with prejudice.

*3.* *Domestic Relations Issues*

The State Defendants also argue that Plaintiff, in her complaint, asks the Court to issue a child custody order and that those claims should be dismissed under the domestic relations exception to federal jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Court agrees. Any such claims for a child custody decree are dismissed with prejudice.

*4.      Section 1983 Claims*

Individual liability claims under § 1983 must allege personal involvement on the part of the entity sued. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017). To state a claim against a municipality, on the other hand, "the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Id.* (quoting *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

Any claims Plaintiff asserts under 42 U.S.C. § 1983 against Defendants Pence, Zoeller, and Carter in their official capacities as former Governor, former Attorney General, and Lake County Prosecutor, respectively, must be dismissed. State officials sued in their official capacities are not "persons" under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) (holding that Indiana prosecutors sued in their official capacities are state officials).

Plaintiff sues Mayor Anderson in both his individual and official capacities. With regard to claims under 42 U.S.C. § 1983, an official-capacity suit is merely another way of pleading an action against an entity of which an officer is an agent. *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 690, n. 55 (1974). Accordingly, Plaintiff's official capacity claims against Mayor Anderson will be dismissed as duplicative of her claims against the City of Lake Station.

Plaintiff's § 1983 claims against the City of Lake Station must be dismissed for failure to state a claim because her complaint does not allege that the city's custom or policy caused the alleged unlawful or unconstitutional conduct by the City police. *See Monell*, 436 U.S. at 694; *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (citing *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008).

*5.    Indiana Constitutional Claims*

The Lake Station Defendants and Defendant Joiner argue that all claims founded on the Indiana Constitution must be dismissed because Indiana courts have not recognized civil remedies for such violations. *See Ball v. Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). In her response to the Lake Station Defendants' motion, Plaintiff apparently concedes that she has no claims under the Indiana Constitution (Obj. 18, ECF No. 41). In any event, the Court will follow other district courts in the state that have refused to recognize claims for damages under the Indiana Constitution. *See, e.g., Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 865 (S.D. Ind. 2006). Thus Plaintiff's claims for damages that purport to arise under the Indiana Constitution are dismissed with prejudice.

*6.    Judicial Immunity*

Judge Matejczyk and Judge Jones maintain that they are entitled to judicial immunity. A judge has absolute immunity from damages liability for acts performed in his or her judicial capacity. To determine whether a defendant is entitled to judicial immunity, a court must first inquire whether the acts complained of are within the judge's jurisdiction, and second, whether the acts were performed in the judge's judicial capacity. *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989); *see also Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because of the absence of factual allegations in the complaint against either judge, the Court is unable to perform the analysis necessary to decide this issue at this time.

*7.    Indiana Tort Claim Act Notices*

All of the Lake Station Defendants are entitled to summary judgment dismissing the Plaintiff's state law tort claims against them because she has submitted no evidence to challenge the affidavits they filed indicating that she never filed the notice required by Indiana Code § 34-

13-3-8(a)(1). That statute bars tort claims against political subdivisions unless, within 180 days after the loss occurs, notice is filed with the governing body of the political subdivision. Moreover, under Indiana case law, notice to a political subdivision is required before its employees may be sued for acts committed in the scope of their employment. *Chang v. Purdue University*, 985 N.E.2d 35, 51 (Ind. Ct. App. 2013). Accordingly, Plaintiff's state law tort claims against the Lake Station Defendants for acts committed in the scope of their employment will be dismissed with prejudice.

8.      *Suable Entities*

The Lake County Jail is not a suable entity, *see Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012)), so amending the complaint to attempt to assert claims against it would be futile. Claims directed toward that jail should be brought as claims against Lake County. Therefore, the Jail will be dismissed as a party to this case with prejudice.

Likewise, Plaintiff's claims against the Lake Station Police Department must be dismissed because it is not a suable entity. Indiana law does not grant municipal police departments the capacity to sue or be sued separately from the municipality that they are a part of. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

9.      *Motion for Summary Ruling*

The motion for summary ruling asks the Court to rule on the pending motions. Because the Court is ruling on the pending motions, the motion for summary ruling is granted.

10.     *State Defendants' and Lake Station Defendants' Requests to Strike*

The request to strike filings made by United Coalition for Social Equality, Inc. and its shareholders is denied as moot because that entity has been dismissed and the Court has determined that Plaintiff Sarah Covington is the sole plaintiff in this litigation.

**CONCLUSION**

Based on the foregoing, the Court hereby:

1. **GRANTS in part** and **DENIES as moot in part** State Defendants' Motion to Dismiss and Motion to Strike [DE 26];

2. **GRANTS in part** and **DENIES as moot in part** Lake Station-affiliated Defendants' Motion to Dismiss & Motion for Partial Summary Judgment & to Strike [DE 30];

3. **GRANTS** Defendants', John Buncich and Lake County Jail, Joint Motion to Dismiss Plaintiff's Complaint [DE 47];

4. **GRANTS** Defendant Judge Gina Jones' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) [DE 52];

5. **GRANTS** Defendant, Donna Joiner's Motion to Dismiss [DE 60]; and

6. **GRANTS** Joint Motion for Summary Ruling by John Buncich and Lake County Jail [DE 86].

Plaintiff's Complaint [DE 1] is **DISMISSED**. Plaintiff may file an amended complaint on or before **January 31, 2020**. Failure to file an amended complaint by the deadline will result in the dismissal of this cause of action. Any such amended complaint must comply with Rule 8, and she may not include the following claims, which are **DISMISSED WITH PREJUDICE**:

1. Claims to enjoin ongoing state court proceedings,

2. Claims for a child custody decree,

3. Official capacity claims against Pence, Zoeller, and Carter under § 1983,

4. Official capacity claims under § 1983 against Mayor Anderson,

5. Claims for damages arising under the Indiana Constitution,

6. The state law tort claims that she brought against the Lake Station-affiliated defendants for acts committed within the scope of their employment,

7. Claims brought against the Lake County Jail, and

8. Claims against the Lake Station Police Department.

9

Defendants Lake County Jail and Lake Station Police Department are **DISMISSED** from this cause of action.

SO ORDERED on December 13, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

cc:    Plaintiff Sarah Covington, *pro se*